GORDON McKENZIE et al., Respondents, *v.* MARIA E. DECKER,
Administratrix, etc., Appellant.

(Argued January 21, 1884 ; decided February 5, 1884.)

THIS action was brought to recover a balance alleged to be
due upon a contract between plaintiffs and Nicholas H. Decker,
defendant's intestate, for the construction of a cemetery vault
by the former for the latter.

The substance of the contract and the facts, so far as perti--
nent, as well as the holdings thereon, are given in the follow-
ing extract from the opinion :

" The referee found as a fact that after the construction
of the vault, the defendant expressed himself perfectly satis-
fied with the work. There was abundant evidence to sustain
this finding and we must assume its truth in a further examina-
tion of the case. The contract provided for payment to be
made to the builder in two installments — " one-half of the
amount when the foundation is built, and the cut granite re-
quired for the vault is in Johnstown ; the balance of the price
to be paid on the completion of the work to his, said Nicholas
H. Decker's satisfaction." That it was so completed was estab-
lished, and the balance remaining unpaid became due and
payable, unless we are to heed the criticism of the learned
counsel for the appellant that it was not so completed by the
builder, but was finished by Decker himself. The difficulty
grew out of a disagreement as to the meaning of the contract.
The builder was about to put on the fourth roof stone, which
was a limestone, when the defendant insisted it should be
granite. The builder refused to make the substitution, and
Decker did it himself, charging against the builder the cost of
the change, and also that of the steps, cut out of a single block,
instead of being made separate. The courts below have sus-
tained Decker's construction, and allowed to him, upon his de-
mand, the amount expended by him for the granite roof stone.
Practically, therefore, the placing of the fourth stone of
granite, although furnished under Decker's direction, and
upon his responsibility, has been paid for by the builder by

its application on the contract-price, and as by the judgment it has been furnished at his expense, it may fairly be said to have been furnished by him so that the balance of the contract-price became due even on the appellant's construction. And that it was so due and payable Decker admitted, for he offered to pay what he conceded to be due, which was less than the builder claimed, and the offer negatived any claim that nothing was due, which would have been the case if Decker had stood upon the ground that the vault had not been completed to his satisfaction. It is to be observed also that the stipulation in the contract is a very rigid and dangerous one. It puts a power in the hands of the one party which may be wielded very harshly and severely against the other, and we ought not to construe it with any unnecessary liberality in favor of one who possesses it. By the terms of the contract, payment became due upon the completion of the vault to Decker's satisfaction. It was so completed, and the only further question was how much was due to the builder growing out of Decker's payments for material. The defendant cannot be permitted to hold two inconsistent positions. If he insisted that Oliver was in default and did not complete the vault, then he owed him nothing, and should not have offered payment and recognized a liability, nor charged against Oliver what he himself paid for his own completion of the work. But in his answer he alleged that he had paid not $2,500, which was the first installment of the contract-price, but $4,440, a sum which could only be reached by charging all of his advances to Oliver, including the granite roof-stone, and treating him as having carried the work to completion, and as responsible for it to the end. The peculiar circumstances of the case take it out of the general rules, which the appellant's counsel invokes."

*Ira D. Warren* for appellant.

*Eugene H. Pomeroy* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.